UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No.  07-83(JR) |
| v. | ) ) ) |  |
| GEORGE A.  COWSER | ) ) ) |  |

**DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING**

George Cowser, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

Mr. Cowser will appear before the Court on December 4, 2007 for his sentencing hearing. On September 26 Mr. Cowser entered a guilty plea to the seven count indictment which charged him with four counts of Mail Fraud in violation of 18 U.S.C. § 1341 and three counts of Felony Fraud in violation of 22 D.C. Code § 3221 and 3222(a)(1).  The plea was entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

By having pled to the indictment Mr. Cowser faces a maximum sentence of twenty years incarceration on each Mail Fraud count and ten years incarceration on each Felony Fraud count. The Court can impose a maximum fine of 250,000.00 dollars for the Mail Fraud counts.  See Pres-Sentence Investigation Report (PSR ¶ 161).  For the Felony Fraud counts the Court can impose a maximum fine of $5,000.00 dollars or three times the value of the embezzled property. (PSR) ¶ 165. Pursuant to 18 U.S.C. 3013(a)(2)(A) Mr. Cowser is mandated to pay a special

assessment of $400.00 dollars for the Mail Fraud counts of conviction. Under the District of Columbia Criminal Code, the Court has to impose a special assessment for each count of conviction in the amount of $50.00 to $250.00 dollars.

In the Pre-Sentence Investigation Report, Probation Officer Sherry Brandon, calculated a sentencing range of 57 to 71 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a Base Offense Level 25 and a Criminal History Category I. Ms. Brandon's guideline calculation is based on a determination that Mr. Cowser does not qualify and/or merit a two-point reduction for acceptance of responsibility. (PSR ¶ 58, 142). Under the Superior Court's Voluntary Sentencing Guidelines Mr. Cowser's guideline range based on his criminal history and the severity of the offense is between 1 and 12 months of incarceration.

<b><u>ARGUMENT IN SUPPORT FOR A SENTENCE OF<br>57 SEVEN MONTHS OF INCARCERATION</u></b>

**Personal History and Background**

Mr. Cowser will appear before the Court at a point in his life that instead of looking forward to his retirement he is looking at spending the next five or six years in prison. There is no denying that Mr. Cowser has brought about his own predicament and that his conduct has caused substantial harm to numerous people. What is particularly unusual about his criminal conduct is that it started when he was fifty-eight (58) year's old.

Although, Mr. Cowser has a significant criminal history that began when he was thirty-seven (37) years old, his prior criminal conduct pales in comparison to the instant charged conduct. In fact the seven times that he was convicted between 1984 and 1989, were for

essentially writing bad checks. The highest total amount that he obtained through his fraudulent conduct during the five-year period was $4, 266.25. The latter sum represents the total of three separate bad checks that he wrote to Campbell Cellular, Inc. in 1989 when he was 42 years old. (PSR ¶ 79) When you examine the details of his prior convictions, the recent criminal behavior represents a startling and brazen departure that no one would have anticipated. Equally, surprising is the span of sixteen years between the time he embezzled the $4,266.25 and the more than half a million dollars that he obtained through his various illegal schemes.

It is very disconcerting that Mr. Cowser decided at age fifty eight to embark on a two-year crime spree. During this period he showed a total disregard for the lives of other people, and the various people and institutions that are the lifeline of the real estate business. Understandably, the government, and the Court must be extremely frustrated with Mr. Cowser's repeated contacts with the criminal justice system. Regrettably, Mr. Cowser made a bad situation worse by failing to comply with the conditions of release imposed during the pendency of this case.

The question now is how to balance the various goals of sentencing in imposing an appropriate disposition. Clearly, the sentence has to incorporate a punitive component that responds to the extensive harm caused by Mr. Cowser. However, the sentence has to factor how the remainder of Mr. Cowser's life, when he is in his mid sixties, can be salvaged.

Admittedly, the government has presented adequate grounds for a three level upward departure. It is impossible to ignore the impact of Mr. Cowser's actions on Ms. Lorraine Williams. And that is just one example. While Mr. Cowser does merit a severe punitive sanction, 78 months is excessive in the context of the statutory mandates of 18 U.S.C. § 3553(a). A seventy-eight-month sentence is also excessive in light of the Court's authority to impose a

six-year term of Supervised Release by running the federal and local supervision consecutive.

Mr. Cowser is well aware that once he is released from prison he will be placed on a substantial period of Supervised Release.  He understands that under supervision the Court will keep its authority to re-incarcerate him for any violation, regardless of the severity.  Since the instant conviction represents the most serious transgression of his life, a sentence of 57 months, which is the low end of the applicable sentencing guideline, is a reasonable sentence which takes into account and adequately satisfies the statutory factors set forth in 18 U.S.C. § 3553(a).

A.   **PURSUANT TO UNITED STATES v. BOOKER AND 18 U.S.C. § 3553(a), MR. COWSER REQUESTS A SENTENCE OF 57 MONTHS OF INCARCERATION**

In United States v. Booker, the Supreme Court held that the mandatory sentencing guidelines were unconstitutional as applied. 125 S. Ct. 738 (2005)  The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added).  The Court is not bound by the guideline range and there is no requirement that a sentence be within the guideline range.  The guideline range is just one factor to be considered along with the mandatory statutory factors delineated in 18 U.S.C. § 3553(a).

Those factors  include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover,

Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

The primary purpose of the sentencing statute, 18 U.S.C. 3553(a), is for the sentencing court to impose a sufficient sentence, but not one that is greater than necessary. 18 U.S.C. § 3553(a) instructs the Court to take into account the particularized factors of Mr. Cowser's life and not just the fact of his criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission. The enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations. U.S.C § 991(a)(1)(B)

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Cowser's history and nature and circumstance of the offense. The nature of his criminal conduct consists of crimes of deception against individuals, and private and government agencies. His criminal conduct was motivated by the singular goal of illegal personal enrichment. Clearly Mr. Cowser's crimes are serious. In the context of Mr. Cowser's life the instant convictions are the most serious and surprising given his advanced age and the sixteen years since his last conviction. Although Mr. Cowser does have a prior criminal record for fraud, the instant offenses are by far much serious than his previous criminal conduct.

Mr. Cowser presents two distinct histories. There is the history of overcoming the absence of parents and role models when he was just thirteen-years old. There is also a history of resilience and persevering in the face of poverty and leading what can be assumed was childhood free of delinquent behavior. Then as a twenty-year old Mr. Cowser served his country honorably in fighting in the Vietnam War.

Then fifteen years after he was honorably discharged from the army, at the age of 37 Mr. Cowser years receives his first criminal conviction. Regrettably what was then an anomaly turned into a five-year period of criminal fraud. Yet, between 1989 through 2005, Mr. Cowser again showed that he could be a law abiding and productive citizen. In short, Mr. Cowser presents two extreme patterns of behavior. However, his recent criminal conduct stands separate and apart from his previous criminal wrongdoing.

18 U.S.C. § 3553(a)(1)(2)(A) directs the Court to sentence Mr. Cowser so that his punishment reflects the seriousness of the offense. There is no question that Mr. Cowser violated the law and caused substantial harm. However, the sentence has to also take into account his difficult childhood, his service to his country, and the two sustained periods of responsible and lawful behavior. These then are the competing histories that the Court has to balance in determining Mr. Cowser's sentence.

In addition to the conduct of conviction the Court has to factor Mr. Cowser's pre-trial and pre-sentence conduct. Because of his criminal conduct while on release, Probation Officer Sherry Brandon, has calculated Mr. Cowser's sentencing range between 57 and 71 months of incarceration. The government's request, based on a three point enhancement has Mr. Cowser facing a term of incarceration of 78 to 97 months. Both the probation office and government share the view that Mr. Cowser does not merit any reduction for acceptance of responsibility.

In determining Mr. Cowser's sentence the seriousness of the offense has to be reconciled with a sentence that "promote[s] respect for the Law and provide[s] just punishment." There is no question that during the pendency of this case Mr. Cowser did not fully appreciate the requirements of being on supervision. Based on the information that the government submitted

in its sentencing memorandum, undersigned counsel cannot challenge the probation officer's final guideline calculation.

That being said, a sentence that removes Mr. Cowser from the community for 57 months, will more than adequately protect homeowners, buyers, sellers and people in the real estate industry. At age 64 and under Court supervision Mr. Cowser will certainly bare in mind that the Court can be promptly returned him to prison. Thus a sentence of 57 months will achieve the dual goal of instilling respect for the law while simultaneously protecting the community from Mr. Cowser. Incarceration of 57 months will promote adequate deterrence from his propensity to callously take other people's property and have little thought for the full impact of his actions.

Moreover, the sentence sends the unambiguous message to Mr. Cowser that his behavior is completely unacceptable. During his earlier period of criminal behavior, Mr. Cowser never faced or received the type of sentence that applies to this case. If incarceration did not make an impression when Mr. Cowser was in his late thirties and early forties, fifty seven months of prison at age sixty is bound to make him think long and hard about what he did.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Cowser's sentence in light of the educational or vocational training that will support his rehabilitation and education. On account of his age and illnesses, Mr. Cowser does not stand to gain from the educational programs available in the Bureau of Prison. Consequently, the only result of the 78 months of incarceration requested by the government will be the satisfaction of a punitive sanction. Punishment alone does not promote any of the statutory goals enumerated in 18 U.S.C. § 3553(a).

Furthermore, a period of supervised release of six years will have the dual benefit of

providing continued deterrence. After six years of community based supervision Mr. Cowser will be in his seventies. Seen in that long term view, Mr. Cowser will certainly come to understand and appreciate why he has to be law abiding when he is released from prison.

A sentence of fifty-seven months that will be followed by mandatory terms of supervision of three to six years amounts to "just punishment" when the Court considers the totality of Mr. Cowser's life.

## **CONCLUSION**

For the foregoing reasons, undersigned moves the Court to find that the appropriate sentencing guideline range is 57 to 71 months and that a sentence of 57 months is an appropriate and reasonable.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500