HONORABLE JAMES ROBERTSON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
DEC 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-07-083-01</u> |
| | : | |
| vs. | : | SSN: |
| | : | |
| COWSER, George Alton<br>aka<br>COWSER, Charlie Edward | : | Disclosure Date: <u>November 1, 2007</u> |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✗) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Daniel P. Butler_  11-15-07
Prosecuting Attorney                                              Date

#### For the Defendant
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____     _____  _____
Defendant            Date           Defense Counsel      Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>November 15, 2007</u>, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:  Gennine A. Hagar, Chief
     United States Probation Officer



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 15, 2007

Ms. Sherry Brandon
United States Probation Officer
U.S. Department of Probation
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:    <u>United States v. George A. Cowser</u>,
            Criminal Number 07-083 (JR)

Dear Ms. Brandon:

    This is to acknowledge that the Assistant United States Attorneys (AUSAs) listed in the signature block of this letter have received and reviewed the Presentence Investigation Report (PSR) in the above-referenced case. The AUSAs further acknowledge the following material, factual inaccuracies in the PSR, a few requests for modification,[1] and we note for your convenience some suggested factual or typographical corrections:

Page 1:    Include the words "Forfeiture provision" to the list of offenses
            Change date of preparation from "October 314" to "October 31"

Page 3, ¶ 3:    First sentence, between the words "plea, pursuant" add "over the government's objection,"

Page 3, ¶ 6:    Add, after "in person once a week," the word "and" before "refrain from selling"

Page 6, ¶ 23:    In last sentence, add, before "problem with the title for 1321" the word "a"

Page 7, ¶ 27:    It appears the reference to "paragraph 25" should be to "paragraph 26"

---

    [1] If you need additional supporting documents for any factual assertions, please let us know.

Page 8, ¶ 32:   In last sentence, add the word "and" before "(c) First American Title"

Page 10, ¶ 49: Suggested information to be added after the chart that follows ¶ 49:

    In total, Cowser received over $398,183.79 from his two fraudulent sales of 1321 West Virginia, Ave., NE by mid-February 2006. A review of Cowser's bank records from February 15, 2006 through May 1, 2006, indicate that Cowser withdrew or spent monies on the following: (1) over $193,850 in cash withdrawals, mostly in increments of less than $5,000 at a time; (2) over $32,500 for a new Mitsubishi Outlander XL SUV (see ¶ 5 above); (3) over $12,600 on jewelry; (4) over $6,750 on hotels and motels; (5) over $1,650 on clothes; (6) over $1,575 on electronics and/or music; and (7) over $1,200 in furniture.

Pages 11-13, chart:  Suggested edits (to match names with the references in the indictment):

    Under victim Edward Meredith entry, add "(Owner #1)"
    Under victim Amarjit Singh entry, add "(Buyer #1)"
    Under victim Christopher Walker entry, add "(Buyer #2)"
    Under victim Chana Mackey entry, add "(Buyer #3)"
    Under victim Lorraine Williams entry, add "(Owner #2)"
    Under victim Youlea Edwards entry, add "(Buyer #4)"
    Under victim Lonnell Glover entry, add "(Owner #3)"

Page 14, ¶ 51: Suggested information to be added to the end of ¶ 51:

    The government also alleged that Cowser did not have any ownership interest in either of these properties, and that he actually defrauded an honest purchaser of at least $7,000 (David Bernhardt). Before he was arrested for violating his release conditions, Cowser was attempting to close on these properties and defraud Mr. Bernhardt of significantly more money.

Page 14, ¶ 52: Suggested information to be added after ¶ 52, but before ¶ 53:

    In addition to this conduct, the government has learned that Cowser passed a number of bad checks while he has been on release. There are three large dollar amounts of interest. First, on May 6, 2007 Cowser purchased a Chevy Cavalier from Ourisman Chevrolet (Marlow Heights, MD) with two bad checks totaling $21,215.40. These two checks were issued by Chevy Chase Bank for the account of The House of Brotherly Love. This account was opened and used by Cowser. At the time Cowser wrote these checks, the above account had been closed by the bank in 2006 due to insufficient funds and numerous bad checks written on the account by Cowser. The car was repossessed by Ourisman Chevrolet after the fraud was discovered. Second, on June 15, 2007, Cowser wrote a bad check to the D.C. Treasurer in an amount of $19,000 using a check from a Reverse Properties account at Chevy Chase Bank. Cowser opened and utilized this account. At the time Cowser wrote this check, this account had been closed due to insufficient funds and numerous bad checks written on the account. Cowser fraudulently used the receipt he obtained when he made

this fake payment as part of his scheme to defraud David Bernhardt (see above). Third, on September 1, 2007, Cowser fraudulently purchased a PT Cruiser vehicle from Darcars of Auth Way (Marlow Heights, MD) with a bad check from BB&T Bank issued in the name of Reverse Properties, Inc., a company created and owned by Cowser. Cowser wrote the check for $24,303.65 to Darcars, and the check was returned as unpayable. The government is aware that Darcars has unsuccessfully attempted to repossess the vehicle. It has alerted the government, however, that it believes that Cowser recently sold the car to another person for approximately $12,000 after he was released from jail.

The government submits that Cowser violated this court's release order by (1) selling real property without permission and (2) committing additional felony crimes (fraud and theft) while on release in this case. Given Cowser's repeated fraudulent and contemptuous behavior, the government believes a three-level adjustment upward would be warranted pursuant to §5K2.0. See U.S. v. Fadavini, 28 F.3d 1236, 1242 (D.C. Cir. 1994) (upholding 3-level departure for pre-trial release conduct); and U.S. v. Baldwin, 389 F. Supp.2d 1, 2-3 and n.1 (D.D.C. 2005) (Friedman, J.) (one-level upward departure warranted for pre-trial release conduct). The government also notes that in the initial plea offer to which Cowser attempted to plead guilty, although the government concedes that this was not a consummated deal, that Cowser agreed a 2-level upward departure would be reasonable because of his post-indictment conduct in this case.

Page 14, ¶ 54:   First sentence has "defendant must prove show he;" suggest eliminate either "must" or "prove"

Page 15, ¶ 65:   As discussed above, the government requests a 3-level upward departure under USSG § 5K2.0

Page 23, ¶ 101:   In first sentence, suggest change "who is now her in 60's" to "who is now in her 60's"

Page 24, ¶ 104:   Suggested information to be added to the end of the paragraph:

Mary Anne Ellis (PDID 325-952) has two prior convictions for criminal Bail Reform Act violations (2003CMD009275 and 2002CMD009729), as well as prior arrests without conviction for drug possession (2006CMD002348 and 2000CMD004041) and sexual solicitation (2002CMD011872). When Cowser purchased the Mitsubishi Outlander XL vehicle in 2006 (see above, to be inserted after paragraph 49) using defrauded funds, he placed the vehicle in Ms. Ellis' name. When Cowser was arrested in this case, law enforcement officials found in his possession Ms. Ellis' identification and the registration for the Mitsubishi vehicle (in Ms. Ellis' name).

Page 26, ¶ 127:   Suggested information to be added at the end of paragraph:

As noted above after paragraph 52, Cowser purchased the PT Cruiser with a bad check in the name of Reverse Properties, Inc.

3

Page 27, ¶ 131: Suggested information to be added to the end of paragraph:

A search of D.C. Recorder of Deeds records indicates that neither Cowser nor Reverse Properties own any other real property in the District of Columbia.

Page 27, ¶ 132: Suggested information to be added to the end of paragraph:

When Cowser was arrested in this case, however, he was found to have on his person an official court document relating to the litigation filed by Henry T. Tuma relating to a civil eviction suit against Mr. Cowser.

Page 31, ¶ 160: In last sentence, suggest where it presently reads in last sentence "restitution foreseeable" to add the words "in the" between those two words

Page 32, ¶ 165: In last sentence, suggest where it presently reads in last sentence "one criminal history" to add "-level" after the word "one."

We appreciate this opportunity to participate in the drafting of the PSR, and we thank you for your good work on this matter. Please feel free to call or e-mail us to discuss these comments, or if we can be of further assistance to you.

            Sincerely,

            Jeffrey A. Taylor
            United States Attorney

            Tejpal S. Chawla
            Daniel P. Butler
            Assistant United States Attorneys
            555 4th Street, N.W., 5TH Floor
            Washington, DC 20530
            (202) 353-2442 (Chawla)
            (202) 353-9431 (Butler)
            Tejpal.Chawla@USDOJ.Gov
            Daniel.Butler@USDOJ.Gov